IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIE GILDER, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>SALLIE MAE BANK )<br>)<br>)<br>    Defendant )<br>) | C.A. No. _____<br><br>JURY TRIAL DEMANDED |

# COMPLAINT

## INTRODUCTION

1. Plaintiff, Willie Gilder ("Plaintiff") files this action, on behalf of himself and others similarly situated, against Sallie Mae Bank ("Defendant") for violations of Title VII of the Civil Rights Act of 1964 as a result of discriminatory background check policy and practice.

## JURISDICTION

2. This court has original jurisdiction pursuant to 28 U.S.C § 1331 and 42 U.S.C. § 1983.

3. The acts alleged herein were committed within the State of Delaware.

## PARTIES

4. Defendant, Sallie Mae Bank, is located at 300 Continental Drive, Newark, Delaware 19713.

5. At all times relevant hereto, Plaintiff was a resident of Delaware, residing at 20 N. Appoquin Drive, Middletown, Delaware 19709.

## ADMINISTRATIVE PROCESS

6. On July 5, 2018, Plaintiff filed a timely Charge of Discrimination with the Delaware Department of Labor ("DDOL") alleging race discrimination against Defendant Sallie Mae Bank.

7. On April 26, 2019, the Delaware Department of Labor issued their Preliminary Findings and Recommendations, referring the case to investigation.

8. On April 9, 2020, Plaintiff received a Right to Sue Notice from the Equal Employment Opportunity Commission ("EEOC").

9. Plaintiff has filed this action under Title VII within ninety (90) days after receipt of his Right to Sue Notice from the EEOC.

10. Plaintiff has satisfied all statutory prerequisites prior to filing this action against Defendant.

## FACTS

### Plaintiff's Experience of Racial Discrimination

11. In or around late September 2017, Plaintiff applied for the position of Collector I within Sallie Mae Bank.

12. On October 27, 2017, Plaintiff was interviewed by Sallie Mae Bank for the Collector I Position.

13. On October 31, 2017, Plaintiff received an offer letter for the Collector I position in the APG Private Credit Department.

14. Sallie Mae Bank's offer letter stated Plaintiff's offer was "contingent upon passing a background check…."

15. Sallie Mae Bank's offer letter also provided Plaintiff with an anticipated start date of November 20, 2017.

16. Plaintiff completed the steps necessary to register for Sallie Mae Bank's online background check.

17. On November 9, 2017, Plaintiff received a correspondence from Sallie Mae Bank which listed his criminal background check and informed him information in the report may adversely affect his employment status.

18. On or around November 30, 2017, Plaintiff provided Sallie Mae Bank with court documents which evidenced he was never convicted of dealing in cocaine, as well as a copy of a May 15, 2017, court order granting his petition for expungement for his arrest for dealing in cocaine.

19. Sallie Mae Bank determined Plaintiff's 2007 charge for possession of a controlled substance was expunged.

20. On December 1, 2017, Mr. Gilder received a letter from Sallie Mae Bank rescinding his employment offer stating: "This decision was based, either in whole or in part, on information provided to us in a consumer report."

21. Plaintiff found out through Sallie Mae Bank's position statement submitted to the Delaware Department of Labor that he was not selected for the position with Sallie Mae Bank specifically based upon an outdated manslaughter conviction, which occurred approximately twenty-five years prior to his offer of employment with Defendant.

22. Plaintiff's manslaughter conviction does not have any bearing on Plaintiff's ability to successfully perform in the position of Collector I, the position Defendant hired him for.

23. Plaintiff's manslaughter conviction is not a crime of dishonesty, breach of trust, or money laundering which would warrant automatic disqualification as set forth under Section 19 of the Federal Deposit Insurance Act (12 U.S.C. 1829).

## CLASS ACTION ALLEGATIONS

24. Plaintiff brings this action individually and as a class action, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of the following Class: all African American individuals who were provided offers of employment and/or hired by Sallie Mae Bank, but whose offers of employment or employment were subsequently rescinded or terminated based on their race and Sallie Mae Bank's policies and practices related to background history.

25. Plaintiff reserves the right to amend the definition of above-defined classes based on discovery or legal developments.

26. Upon information and belief, numerous African American individuals across the United States have been adversely affected by Sallie Mae Bank's background history employment policy and practice, and joinder of all of those individuals is impracticable under Fed. R. Civ. P. 23(a)(1). Although Plaintiff does not know the precise number of job applicants harmed by Sallie Mae Bank's violations of Title VII, the number is far greater than feasibly could be addressed through joinder. The precise number is also uniquely within Sallie Mae Bank's possession and the Class Members may be notified of the pendency of this action by published and/or mailed notice.

27. Plaintiff's claims are typical of the claims of the class. Fed. R. Civ. P. 23(a)(3). Plaintiff has the same claims for statutory and punitive damages that he seeks for absent class members.

28. There are questions or law or fact common to all such individuals, including (a) whether Sallie Mae Bank's policy and practice has a disparate impact on African American individuals and (b) whether the policy and practice is justified by business necessity.

29. The claims of Plaintiff are typical of the claims of other class members under Fed. R. Civ. P. 23(a)(2).

30. Plaintiff is a member of the class he seeks to represent. Sallie Mae Bank rescinded Plaintiff's employment based on his race and pursuant to its background check policy, which has a disparate impact on African American individuals and is neither job related nor consistent with business necessity.

31. Plaintiff and his counsel will fairly and adequately protect the interests of members of the class. Fed. R. Civ. P. 23(a)(4).

32. Class certification is appropriate pursuant to Federal Rule of Civil Procedure because common questions of fact and law predominate over any questions affecting only individual Class Members. Sallie Mae Bank has maintained a common policy and practice of rescinding or terminating individual's employment based on their background history, which Plaintiff contends is discriminatory and unlawful. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. Class Members have been damaged and are entitled to recovery as a result of Sallie Mae Bank's uniform policies and practices. Although Sallie Mae Bank has maintained a common policy of rescinding and terminating employees' employment due to their background history, many Class Members may be unaware that their rights have been violated.

33. Plaintiff, on behalf of himself and the class members, moves for class certification, statutory and punitive damages, and attorney's fees and costs against Defendant for his class claims, as well as statutory, actual, and punitive damages, and attorneys' fees and costs against Defendant for his individual claims; for pre-judgment and post judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## CLAIMS

Based upon the above allegations, Plaintiff maintains the following legal claims against Defendant:

## COUNT I
## Discrimination Based on Race in Violation of Title VII of the Civil Rights Act of 1964

34. The allegations of Paragraphs 1 through 33 are incorporated by reference as if fully restated herein.

35. Defendant Sallie Mae Bank employs fifteen or more employees and is an "Employer" as defined by 42 U.S.C. § 2000e(b).

36. Plaintiff received a Right to Sue letter from the EEOC April 9, 2020.

37. Plaintiff has satisfied all statutory prerequisites for filing this action.

38. The conduct of Sallie Mae Bank as described above constitutes unlawful discrimination against Plaintiff and the class in violation of Title VII.

39. Title VII makes it an unlawful practice to, among other things, "limit, segregate, or classify employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect an individual's status as an employee, because of such individual's race, color or national origin." 42 U.S.C. § 2000e(a)(2).

40. Plaintiff is a member of a protected class of which Defendant was aware.

41. Plaintiff was qualified for the position of Collector I for which he was hired.

42. Plaintiff was in fact hired for the position of Collector I.

43. Defendant states it rescinded Plaintiff's employment offer based upon an outdated manslaughter conviction. Plaintiff's manslaughter conviction, which occurred in 1992, approximately twenty-five year prior to his offer of employment with Defendant, does not affect

Plaintiff's ability to perform in the position of Collector I. Defendant used Plaintiff's race as a sole factor in its decision to rescind his offer of employment.

44. Defendant intentionally discriminated against Plaintiff on the basis of his race.

45. Sallie Mae Bank's policy and practice of disqualifying job applicants with convictions from employment has a disparate impact on Plaintiff and the class and is neither job related nor consistent with any business necessity.

46. These policies, patterns and practices have caused Sallie Mae Bank to "fail or refuse to hire" and "otherwise discriminate against" African American applicants and workers "because of" their "race," 42 U.S.C. § 2000e-2(a)(1). The same policies, patterns, and practices have also "limit[ed], segregate[d], [and] classif[ied]" "employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race," id. § 2000e-2(a)(2).

47. It is well documented that communities of color, including African American communities across the country, are arrested and convicted at rates significantly higher than the white population.

48. The U.S. Equal Employment Opportunity Commission ("EEOC") has issued guidance specifically outlining how overly restrictive background checks can disparately impact communities of color. *See* Enforcement Guidance on the Consideration of Arrest and Conviction Records in Employment Decisions Under Title VII of the Civil Rights Act of 1964 (Apr. 25, 2012) ("EEOC Guidance"). The EEOC specifically emphasizes the importance of employers providing "an opportunity for an individualized assessment for people excluded by the [background] screen…." *Id*. at Section V(B)(4).

49. Sallie Mae Bank's decision to rescind Plaintiff's employment offer based solely on the background check information has a disparate impact on African American applications by importing the racial disparities in the criminal justice system into the employment process.

50. Defendant has subjected Plaintiff to discrimination on the basis of his race in violation of Title VII by using and continuing to use a selection criterion and process for hiring, namely the use of the criminal justice history information, that has a disparate impact on African Americans including Plaintiff and the class.

51. Defendant rescinded Plaintiff's employment offer based solely on his background history, without regard to his successful record of performance; without any individualized assessment of his qualifications or ability to perform the job; and without giving him any opportunity to explain his background history or describe why his successful record of performance or other factors make him qualified for continued employment.

52. Plaintiff and the class have suffered damages as a result of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, as well as costs for bringing this action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court order the following relief in favor of Plaintiff:

53. Certify the matter as a class action on behalf of the proposed class;

54. Designate Plaintiff as Class Representative for the class;

55. Designate Plaintiff's Counsel as Class Counsel for the class;

56. Declare that Sallie Mae Bank's background check policy and practice as described above violates Title VII;

57. Award all available damages to Plaintiff and the class.

58. Award Plaintiff any and all consequential damages, including but not limited to lost wages, salary, employment benefits, back pay, front pay, pre and post judgment interest, equity, liquidated damages, and any or all pecuniary damages.

59. Award nominal damages.

60. Award attorneys' fees and costs to Plaintiff and the class;

61. Award pre- and post-judgment interest to Plaintiff and the class

62. Award Plaintiff all compensation due as a result of Defendant's violations herein.

63. Award Plaintiff costs and reasonable attorney's fees.

64. Any and all such other relief as the Court deems appropriate under the circumstances.

ALLEN & ASSOCIATES
/s/ Michele D. Allen
Michele D. Allen (#4359)
Emily A. Biffen (#6639)
4250 Lancaster Pike Suit 230
302-234-8600
302-234-8602 (fax)
michele@allenlaborlaw.com
emily@allenlaborlaw.com
*Attorneys for Plaintiff*

Dated: July 8, 2020